UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUSTIN ROCHA<br>*Plaintiff,*<br><br>vs.<br><br>CITY OF PAWTUCKET, ET AL.<br>*Defendants.* | C.A. NO. 04-508ML |

**DEFENDANTS' DANIEL GRANT, DONTI ROSCITI AND PAUL BRANDLEY'S MOTION FOR SUMMARY JUDGMENT**

Now come the defendants, Daniel Grant, Donti Rosciti and Paul Brandley and respectfully move for summary judgment. Defendants rely on their memorandum of law attached and incorporated herein.

Defendants,
By their Attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUSTIN ROCHA<br>*Plaintiff,*<br><br>vs.<br><br>CITY OF PAWTUCKET, ET AL.<br>*Defendants.* | C.A. NO. 04-508ML |

**DEFENDANTS' DANIEL GRANT, DONTI ROSCITI AND PAUL BRANDLEY'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiff brings this complaint concerning an incident that occurred on November 25, 2000. He claims that on that date Officer's Grant, Rosciti and Brandley assaulted him, battered him, falsely arrest him, maliciously prosecuted him and alternatively were negligent in their treatment of him. In addition to the Police Officers he has also named the City of Pawtucket as a defendant.

The Officers move for summary judgment because they were first named in an Amended Complaint on November 16, 2004, and served on November 17, 2004, well after the applicable statute of limitations had passed.

## II. STATEMENT OF THE FACTS

On the afternoon of November 25, 2000, defendant police officers Grant, Brandley and Rosciti responded to a telephone call from plaintiff Justin Rocha (hereinafter "Mr. Rocha") who stated that he wanted to retrieve some belongings from an apartment occupied by Jessica Hunt. Mr. Rocha had been a roommate of Ms. Hunt and her boyfriend, and had left some belongings when he moved out approximately six weeks before. That same morning, Mr. Rocha had been

harassing Ms. Hunt with telephone calls, and she had called the Pawtucket Police Department to complain. The police had contacted Mr. Rocha that morning and advised him to stop calling and harassing Ms. Hunt.

Upon arrival, the police officers were informed by Ms. Hunt that she did not want Mr. Rocha in her apartment, and she would not give any articles to Mr. Rocha until her boyfriend arrived to determine which items belonged to Mr. Rocha. Mr. Rocha was informed that if he wanted to return to collect his belongings later, he should call the police and that they would accompany him back. At that point, Mr. Rocha became extremely upset and started yelling at the officers that they had wasted his time. Using profanity, Mr. Rocha continued to yell at the police, and he punched a wall. The police officers told him to calm down and leave.

Still using profanity, Mr. Rocha refused to leave without his belongings. The police officers informed Mr. Rocha to leave or he could be arrested. Rocha continued to yell at the police officers. When Officer Grant went to take Mr. Rocha into custody, Mr. Rocha tried to flee. The police officers chased him. Officer Grant grabbed the back of Mr. Rocha's coat, and they both fell down a few steps and landed at the bottom of the stairs. Mr. Rocha was handcuffed and taken to the police station. Mr. Rocha was swearing and belligerent even after he was placed in the cell block.

The Pawtucket police charged Mr. Rocha with disorderly conduct and detained him until his release on bail. The charge was subsequently dismissed. While he was detained, Mr. Rocha did not complain of pain or injury, nor did he request medical attention. It was only after being released, that Mr. Rocha complained of injuries and sought treatment at Memorial Hospital.

## III. UNDISPUTED FACTS FOR PURPOSES OF THIS MOTION

1. The incident upon which the plaintiff brings suit occurred on November 25, 2000.

2. The original complaint was filed by the plaintiff on November 20, 2003 in Providence County Superior Court against the City of Pawtucket, by and through its Treasurer, Ronald E. Wunshel, Pawtucket Police Chief George Kelly and various "John Doe" defendants.

3. Before serving the complaint on any named defendants, almost a year later, on November 16, 2004, the plaintiff filed an amended complaint naming police officers Daniel Grant, Donti Rosciti and Paul Brandly, individually and in their official capacities and dropping Chief Kelly as a named defendant.

4. On or about November 17, 2004, the plaintiff served defendants, City of Pawtucket, by and through its Treasurer, Ronald E. Wunshel, and Pawtucket police officers Grant, Rosciti, and Brandley.

5. On December 1, 2004, the defendants removed this case to the Federal Court.

6. The defendants' affirmatively pled the statute of limitations in their answer to the amended complaint.

## IV. THE STANDARD FOR A SUMMARY JUDGEMNT MOTION

Under the Federal Rules of Civil Procedure, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(c).* It is axiomatic that this Court must view the evidence in the light most favorable to the nonmoving party. *Morrissey v. Boston Five Cents Savings Bank, F.S.B., 54 F.3d 27, 31 (1st Cir. 1995).* However, the

nonmoving party "may not rest upon the mere allegations or denials of [its] pleadings, but . . . must set forth the specific facts showing that there is a genuine issue for trial." *Fed.R.Civ.P. 56(e).* "A fact is 'material' if it potentially could affect the suit's outcome. An issue concerning such a fact is 'genuine' if a reasonable fact finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Cortes-Iriszarry v. Corporacion Insular DeSeguros, *111 F.3d 184, 187 (1st Cir. 1997) (citations omitted).*

Accordingly, the purpose of summary judgment is to permit the court "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required" on the claims being examined. Wynne v. Tufts Univ. School of Medicine, *976 F.2d 791, 793-94 (1st Cir. 1992) cert. denied 113 S.Ct. 1845 (1993).* The mandates of Rule 56(c) requires entry of summary judgment "upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." Celotex Corp. v. Catrett, *477 U.S. 317, 322 (1986).*

## V. ARGUMENT

Plaintiff's cause of action accrued on November 25, 2000 when his alleged injuries occurred. Plaintiff's claims are subject to a three (3) year statute of limitations. See *R.I. Gen. Laws §9-1-14. See also* Wilson v. Garcia, 471 U.S. 261, 276-78 (1985) (federal courts hearing §1983 actions apply the forum state's state of limitations for personal injury actions); McIntosh v. Antonio, 71 F.3d 29, 34-35 (1st Cir. 1995). Thus, the statute of limitations on all of plaintiff's claims expired on November 25, 2003. Although plaintiff filed a timely Complaint naming

"John Doe" defendants, plaintiff filed his Amended Complaint identifying the individual officers by name well after the statute of limitations for all of his claims had expired.

In a recent case, *Ferreira v. City of Pawtucket, et al.*, this Court determined that identifying Doe defendants outside the statute of limitations is fatal to plaintiff's claim against those individuals. *Ferreira v. City of Pawtucket, et al.*, U.S. Dist. Ct., Civil Action No. 04-040ML (Lisi, J., Oct. 21, 2004). In *Ferreira*, like the instant case, the plaintiff filed an original complaint which included a John Doe defendant and, after the statute of limitations had expired, filed a Motion to Amend the complaint to substitute an individual for Defendant Doe. This Court, holding that Rule 15(c) did not apply to allow the plaintiff to turn back the clock against the newly named defendants, denied the Motion to Amend because the plaintiff had failed to identify the individual officer before the statute of limitations had expired. *Id.* *See also Cholopy v. City of Providence*, *228 F.R.D. 412 (Lagueux, J., May 25, 2005)(statute of limitations barred Amended Complaint against newly named police officers).*

In the instant case, similar to *Ferreira*, although the original Complaint naming "Doe" defendants was filed November 20, 2003, the Amended Complaint adding the police officers by name was filed November 16, 2004, almost a full year after the statute of limitations for all of his claims had expired. In addition, none of the parties, including those named in the original suit, were served with the Complaint until after the statute of limitations had expired. The instant Amended Complaint against the named individual police officers was thus filed outside of the statute of limitations. Therefore, in accordance with *Ferreira*, the claim against the individual police officers so named cannot stand.

## VI. CONCLUSION

For the reasons stated herein, defendants respectfully request that their motion for summary judgment be granted and that each of them be dismissed from this suit.

Defendants,
By their Attorneys,

[signature]

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 3rd day of August 2005, to:

V. Edward Formisano
Sinapi, Formisano & Coleman, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 - fax

[signature]